IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILIP LIGHTFOOT SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 2:15cv236-WHA |
| RENEWABLE FUELS, LLC and JOHN | ) | |
| F. COLQUITT, | ) | (wo) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #2), filed by the Defendants on April 14, 2015.

The Plaintiff filed a Complaint the Circuit Court of Montgomery County, Alabama in March of 2015.   In the Complaint the Plaintiff brings claims for breach of joint venture agreement (Count I), breach of fiduciary duty (Count II), and breach of contract (Count III).

The case was removed to this court on the basis of diversity jurisdiction.   No motion to remand was filed, and the requisite diversity of citizenship and jurisdictional amount are present.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED, and the Plaintiff given the opportunity to file an Amended Complaint.

**II.   MOTION TO DISMISS**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a

two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

This case involves contracts for the sale of wood pellets.  In 1995, Plaintiff Sellers and Defendant Colquitt formed a venture named Fulghum Fibrefuels, Lmt. and developed a wood pellet plant.  They jointly managed this company for ten years.

In 2005, Colquitt left the company and formed and formed a new company, Fram Renewable Fuels.  In 2008, Colquitt left Fram Renewable Fuels.

The Complaint alleges that at all times relevant to this case, Colquitt acted as an agent of Renewable Fuels.  The Plaintiff alleges that in 2010, Colquitt was acting on behalf of Renewable Fuels, LLC and executed an agreement with Lee Energy Solutions by which Renewable Fuels, LLC would connect Lee Energy with prospective buyers of wood pellets in exchange for a commission on the sales of wood pellets.

The Complaint alleges that Sellers and Colquitt subsequently entered into a contract to share revenue derived from the agreement with Lee Energy. Sellers agreed to manage the Lee Energy contract and locate prospective buyers. The Complaint also alleges that the contract was one between Lee Energy and Renewable Fuels (Doc. 3-2 at ¶13).

The Complaint alleges that in May 2012, due to some personal financial issues, Colquitt asked to borrow from Sellers the amount of money due to Sellers from the most recent shipment of Lee Energy wood pellets. Sellers agreed, and Colquitt agreed to repay him from subsequent commissions.

In August of 2012, Renewable Fuels received a $94,240 payment from Lee Energy, but none of this money was paid to Sellers.

In 2013, Renewable Fuels brought suit against Lee Energy because Lee Energy had taken the position that it was no longer obligated to pay Renewable Fuels commissions. In April 2014, Colquitt informed Sellers that Renewable Fuels had settled the lawsuit with Lee Energy, but there was no money left over after the settlement to pay Sellers. The Complaint alleges that Colquitt never repaid the money that Sellers loaned him.

Sellers brings a claim for breach of the joint venture agreement, breach of fiduciary duty, and breach of an oral contract to lend Colquitt money.

## IV.  DISCUSSION

The Defendants move to dismiss the claim for punitive damages and to dismiss John Colquitt as a Defendant. The Defendants contend that a claim for breach of an agreement with Renewable Fuels cannot support a claim for punitive damages. The Defendants also state that Colquitt should be dismissed because the Complaint alleges that Colquitt acted as an agent of

Renewable Fuels, so he cannot be sued for breach of contract individually.

Sellers responds that the punitive damages request is for violation of the breach of fiduciary duty and that in addition to the breach of the joint venture agreement, he has alleged that Colquitt breached an oral agreement on his own behalf to repay money to Sellers and breached a fiduciary duty.

It appears to the court that although in his brief Sellers argues that there are claims asserted against Colquitt in an individual capacity, the claims as pled in the Complaint are alleged against Colquitt only in a representative capacity because the Complaint alleges that at all time relevant to the case "Colquitt acted as an agent of Renewable Fuels."  At most, the Complaint is confusing, alleging both that Colquitt acted as an agent, and that Colquitt borrowed money due to "personal" financial issues.  (Doc. #3-2).  The Complaint also appears to refer to Colquitt and Renewable Fuels interchangeably.  Therefore, the court will grant the Motion to Dismiss, but will give the Plaintiff leave to file an Amended Complaint which clarifies his claims.

With respect to the punitive damages claim, the court agrees with the Defendants that no claim for wantonness is pled, but, punitive damages can be awarded for breach of fiduciary duty under Alabama law, and a claim for breach of fiduciary duty has been asserted in this case.  *See Polk v. Leslie Polk & Polk Plumbing, LLC*, 70 So. 3d 363, 372 (Ala. Civ. App. 2011).  Therefore, the court will not grant the Motion to Dismiss as to the punitive damages claim.

### V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. #2) is GRANTED as to the claims against John F. Colquitt and John F. Colquitt is dismissed without prejudice.   The Motion to Dismiss

is DENIED as to the claim for punitive damages.

2. The Plaintiff is given until **June 15, 2015,** to file a new Amended Complaint which is complete unto itself in accordance with M.D. Ala. Local Rule 15.1, and which sets out separate claims against each of the two Defendants. If the Plaintiff does not file an Amended Complaint, the case will proceed only against Renewable Fuels, LLC.

Done this 3rd day of June, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE