IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILIP LIGHTFOOT SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 2:15cv236-WHA |
| RENEWABLE FUELS, LLC and JOHN | ) | |
| F. COLQUITT, | ) | (wo) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Renewed Partial Motion to Dismiss (Doc. #14), filed by the Defendants on June 26, 2015.

The Plaintiff filed a Complaint the Circuit Court of Montgomery County, Alabama in March of 2015.   In the Complaint the Plaintiff brought claims for breach of joint venture agreement (Count I), breach of fiduciary duty (Count II), and breach of contract (Count III).

The case was removed to this court on the basis of diversity subject matter jurisdiction. No motion to remand was filed, and the requisite diversity of citizenship and jurisdictional amount are present.

The court granted a Motion to Dismiss and dismissed claims against John F. Colquitt without prejudice, giving the Plaintiff time in which to file an Amended Complaint. (Doc. #11).

The Plaintiff filed an Amended Complaint bringing claims for Breach of Joint Venture Agreement Against Renewable Fuels (Count I), Breach of Contract Against Renewable Fuels (Count II), Breach of Contract Against Colquitt (Count III), Breach of Fiduciary Duty Against Colquitt (Count IV), Promissory Fraud Against Colquitt (Count V), Suppression Against Colquitt

(Count VI), and Unjust Enrichment Against Colquitt and Renewable Fuels (Count VII).

The Defendants have moved to dismiss John F. Colquitt as an individual Defendant, and to dismiss Counts III, IV, V, VI, and part of VII of the Amended Complaint.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II. MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## III. FACTS

The allegations of the Plaintiff's Amended Complaint are as follows:

In 1995, Plaintiff Philip Sellers ("Sellers") and Defendant Joseph Colquitt ("Colquitt") helped form Fulghum Fibrefuels, Lmt. and developed a wood pellet plant. They jointly managed this company for ten years.

In 2005, Colquitt left the company and formed a new company, Fram Renewable Fuels. In 2008, Colquitt left Fram Renewable Fuels.

The Plaintiff alleges that in early 2010, Colquitt and Sellers began negotiating an agreement with Lee Energy Solutions, Inc. ("Lee Energy") and Colquitt and Sellers offered to locate prospective buyers of wood pellets.

The Amended Complaint alleges in the fact section that during the course of negotiations with Lee Energy, Sellers and Colquitt entered into a contract/joint venture to share revenue derived from the agreement with Lee Energy. (Doc. #13 at p.3).[1] Sellers agreed to manage the Lee Energy contract and locate prospective buyers.

The Amended Complaint alleges that in September of 2010, Colquitt, acting on behalf of Defendant Renewable Fuels[2], executed a written agreement with Lee Energy by which Renewable Fuels agreed to connect Lee Energy with buyers and that a commission would be paid to Renewable Fuels.

In late 2010, Sellers and Colquitt reached an agreement with Drax, an English utility, whereby Drax agreed to purchase wood pellets.

In December 2010, Colquitt sent Sellers an email and said he would have the Lee Energy account payments wired to the company account and then would either wire or write a check to

---

[1] In Counts I and II, the Amended Complaint states that Sellers and "Colquitt, acting as an agent of Renewable Fuels," entered into the joint venture agreement whereby Sellers assisted Colquitt in managing the Lee Energy contract in exchange for half of the revenue derived from the sale of wood pellets. (Doc. #13 at ¶30, 37).

[2] Defendant Renewable Fuels, LLC is a Georgia LLC with Colquitt and Sandra Colquitt as its members.

Sellers for 50% of the amount. This was done with three commission payments in 2011.

The Complaint alleges that in May 2012, due to some personal financial issues, Colquitt asked to borrow from Sellers the amount of money due to Sellers from an April 2012 commission payment based on the most recent shipment of Lee Energy wood pellets and also from an upcoming commission payment. Colquitt agreed to repay Sellers the equivalent amount from future commissions from the Lee Energy account or from money derived from a prospective venture in Brewton, Alabama. Sellers agreed. The Amended Complaint states that the loan agreement was confirmed in writing the following day.

In August of 2012, Renewable Fuels received a $94,239.50 payment from Lee Energy, and in "accordance with the May 25, 2012 agreement, Colquitt kept Sellers's share of this money." (Doc. #13 at p.5).

In 2013, Renewable Fuels brought suit against Lee Energy because Lee Energy had taken the position that it was no longer obligated to pay Renewable Fuels commissions. In April 2014, Colquitt informed Sellers that Renewable Fuels had settled the lawsuit with Lee Energy, but there was no money left over after the settlement to pay Sellers. The Complaint alleges that Colquitt never repaid the money that Sellers loaned him and Sellers never received any portion of the settlement agreement with Lee Energy.

## IV.   DISCUSSION

### Count III-- Breach of Contract Against Colquitt

Sellers has alleged in this case that Renewable Fuels breached its contract with him by failing to pay him his share of two commission payments and part of a settlement agreement with Lee Energy, and that Colquitt as an individual has also breached a contract with Sellers because

4

Sellers loaned Colquitt his share of two commission payments and Colquitt never re-paid them. (Doc. #13).

In response to the Amended Complaint, the Defendants argue that the allegations of the Amended Complaint are an attempt to transform the alleged contract between Renewable Fuels and Sellers into one with Sellers and Colquitt, that there was no loan because payment was never made to Colquitt, and the claimed damages are commissions due from Renewable Fuels. The Defendants also argue that the Amended Complaint is improper under the Rules of Civil Procedure because it changes allegations in the original Complaint to which Sellers is bound.

Sellers has taken the position that this court ought not consider the allegations of the original complaint because the Amended Complaint takes the place of that pleading.

There is some support in the law for the proposition that an amended complaint cannot allege facts inconsistent with the original pleading. *See, e.g., Bradley v. Chiron Corp.*, No. C 94-04342 CW, 1996 WL 441022, at *3 (N.D. Cal. July 15, 1996) *aff'd*, 136 F.3d 1317 (Fed. Cir. 1998) (stating that "after granting leave to amend, the court is not required to accept such inconsistent allegations as true. Leave to amend was never intended to encourage sham pleadings.").

After reviewing the original Complaint and the initial Motion to Dismiss, this court expressed that it appeared that the claims as pled in the Complaint were alleged against Colquitt only in a representative capacity because the Complaint alleges that at all time relevant to the case "Colquitt acted as an agent of Renewable Fuels." (Doc. #11 at p.4). The court noted, however, that the original Complaint was confusing, alleging that Colquitt acted as an agent, that Colquitt borrowed money due to "personal" financial issues, (Doc. #3-2), and referring to Colquitt and Renewable Fuels interchangeably. (Doc. #11 at p.4). The court, therefore, gave Sellers time in

5

which to clarify his claims in an Amended Complaint. (Doc. #11).

The Amended Complaint makes it clear that claims are being brought against Colquitt for actions he took in his personal capacity, not in a representative capacity. That change is a clarification of the contradictory facts which were present in the original Complaint, rather than a complete change in the alleged facts.[3] Therefore, the court will not disregard the facts in the Amended Complaint.

Considering the facts as alleged in Count III of the Amended Complaint, therefore, it appears to the court that the breach of contract claim in Count III is a claim pled in the alternative to the claims in Counts I and II, which are against Renewable Fuels. The breach of contract claim in Count III clarifies that the contract at issue is a loan agreement between Colquitt "in his individual capacity" and Sellers. (Doc. #13 at ¶41). Sellers alleges that commission money owed to Sellers was paid to Colquitt directly because it was money loaned to Colquitt by agreement, (Doc. #13 at ¶23), and Colquitt never re-paid Sellers for the loan. Under the alternative scenario, alleged in Counts I and II, the commission money was paid to Renewable Fuels, but never distributed to Sellers by Colquitt as an agent of Renewable Fuels, so that Renewable Fuels breached its contract/joint venture agreement with Sellers. Pleading claims in the alternative is permissible under the Rules of Civil Procedure. Fed.R.Civ.P. 8(d)(2) and (3). The court cannot conclude, therefore, that the claim in Count III is due to be dismissed.

Count IV—Breach of Fiduciary Duty Against Colquitt

As noted above, Counts I and II specifically state that Colquitt was acting on behalf of Renewable Fuels when he entered into a joint venture with Sellers. Count IV, however, does not

---

[3] The court does agree that Sellers's Amended Complaint continues to confuse the capacity in which Colquitt entered into a joint venture with Sellers. This will be discussed more fully below.

allege that Colquitt entered into the Joint Venture as an agent of Renewable Fuels, but states only that Sellers and Colquitt were partners in a Joint Venture.  (Doc. #13 at ¶ 47).   The fact that Count IV incorporates earlier paragraphs by reference only confuses the capacity issue because the fact section refers to a joint venture between Colquitt and Sellers (Doc. #13 at ¶14).   The court notes that Sellers's brief in response to the Renewed Motion to Dismiss as to Count IV refers the court to the allegation in Count I that Colquitt was acting as an agent, (Doc. #16 at p.5), rather than to the allegation in Count IV that Sellers and Colquitt were partners in a joint venture.   Sellers then argues that the fiduciary duty arose because Colquitt was acting as an agent of Renewable Fuels. (Doc. #16 at p.5).   The capacity in which Sellers was acting, therefore, is both confusing, and necessary to this claim.

It was the lack of clarity in his original Complaint which caused the court to give Sellers time in which to file an Amended Complaint to state his separate claims against the two Defendants.   In arguing that Count IV ought not be dismissed, Sellers attempts to amend through his brief the allegations regarding the joint venture giving rise to the fiduciary duty in Count IV. Having already given Sellers an opportunity to clarify his claims, for reasons of judicial economy, the court will not allow a second attempt to clarify this claim.   The breach of fiduciary duty claim in Count IV, therefore, is due to be dismissed.

Count V Promissory Fraud and Count VI Suppression Against Colquitt

In his promissory fraud claim in Count V, Sellers alleges that Colquitt had no intention of paying Sellers back for the loaned commission payments.   In the suppression claim in Count VI, Sellers alleges that Colquitt did not inform Sellers about the settlement with Lee Energy although they were partners in a joint venture.

The Defendants argue that Sellers is arguing that Colquitt can be held liable for fraud because of Renewable Fuels's breach of contract. The Defendants point out that the Amended Complaint refers to a joint venture between Colquitt and Sellers for commissions in the fraud claims. The Defendants do not otherwise address the suppression of the settlement claim. (Doc. #14 at p.7).

The capacity in which Colquitt entered into an agreement does not appear to be significant to the fraud claims because Sellers can be individually liable for his own fraud even if he was acting as an agent. *See Grace v. Interstate Life & Accident Ins. Co.*, 916 F. Supp. 1185, 1190 (M.D. Ala. 1996). The court cannot conclude, therefore, that these claims are due to be dismissed on the basis which has been argued by the Defendants.

Count VII   Unjust Enrichment

The Defendants acknowledge that an alternative theory of unjust enrichment can be asserted against Renewable Fuels, but state that the same is not appropriate as against Colquitt because the contract at issue was between Sellers and Renewable Fuels, not between Sellers and Colquitt.

Sellers argues that because Colquitt denies that there was a separate loan agreement, the law may recognize an implied contract where the existence of an express contract is not proven, citing *Polar-BEK & Baker Wildwood P'shp,* 682 So. 2d 443, 447 (Ala. 1996). The unjust enrichment claim arising from the alleged separate loan agreement stems from the alternatively pled theory that Colquitt induced Sellers to loan him money and that money was not repaid. (Doc. #13). The Amended Complaint also alleges that Colquitt was unjustly enriched from his fraud. Therefore, the court concludes that the unjust enrichment claims against Colquitt, which

8

are based on theories other than the breach of the contract with Renewable Fuels, are not due to be dismissed.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. #14) is GRANTED as to the breach of fiduciary duty claim in Count IV and that claim is DISMISSED.

2. The Motion to Dismiss is DENIED in all other respects.

Done this 13th day of August, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE